FILED
JAMES BONINI
CLERK
09 JUN 17 AM 9:09
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Theresa D. Crook<br>946 Clayton Drive<br>Lancaster, OH 43130 | 2:09 cv 497 |
| and | Case No.: _____ |
| Theresa D. Crook, Administratrix of<br>The Estate of Arthur A. Crook,<br>946 Clayton Drive<br>Lancaster, OH 43130, | JUDGE HOLSCHUH<br>Judge: _____<br>MAGISTRATE JUDGE ABEL |
| Plaintiffs, | |
| vs. | PLAINTIFFS' COMPLAINT<br>FOR DECLARATIONS AND OTHER |
| Time Warner Cable, LLC<br>CT Corporation System, Statutory Agent<br>1300 East 9th Street<br>Cleveland, OH 44114 | RELIEF CONCERNING PAYMENT OF<br>WORK RELATED DEATH BENEFITS<br>AND FOR OTHER RELIEF |
| and | |
| Time Warner Cable Welfare Benefit Plans<br>c/o Time Warner Cable LLC, as Plan Administrator<br>CT Corporation System, Statutory Agent<br>1300 East 9th Street<br>Cleveland, OH 44114 | |
| and | |
| Seabury & Smith, Inc.<br>CT Corporation System, Statutory Agent<br>1300 East 9th Street<br>Cleveland, OH 44114 | |
| Defendants | |

## FACTS COMMON TO ALL CLAIMS

1. Arthur A. Crook (date of birth: August 31, 1960) died on November 29, 2006, as a result of an accidental fall.

2. From approximately February 23, 1982 until the time of his death, Mr. Crook was an employee of what is now Time Warner Cable, LLC (hereinafter "Time Warner") (employee number 271603131).

3. Plaintiff, Theresa D. Crook, hereinafter referred to as "Theresa", became the lawful spouse of Mr. Crook on October 29th, 2004, and is now the duly appointed Administratrix of Mr. Crook's estate by virtue the Letters of Appointment dated December 19th, 2006 and issued from the Fairfield County, Ohio Probate Court, a copy of which is attached hereto and incorporated herein as Appendix "A".

4. As a result of Mr. Crook's employment with Time Warner, he was a participant in a variety of Time Warner's employee group benefits, including but not limited to health care coverage, disability benefits, life insurance benefits, retirement plan(s), being both a defined benefit plan and a defined contribution plan and accumulated vacation, sick leave and other benefit pay. All of these benefits will be collectively referred to herein as "work related benefits".

5. One or more of the work related benefits have been established and are sponsored by Time Warner under the terms of the Employee Retirement Income Security Act of 1974, as amended, for the purpose of providing stated benefits to Time Warner's (and its affiliates') employees and employees' dependents.

6. Upon information and belief, Time Warner has aggregated several of the programs that provide work related benefits under a single plan, referred to here as the Defendant Time Warner Cable Welfare Benefit Plan (the "Plan").

7. The Plan has been established and is sponsored and maintained in accordance with the Employee Retirement Income Security Act of 1974, as amended (ERISA) 29 USC Sec 1001 *et seq*.

8. Time Warner Cable has control of the administration and operation certain elements of the Plan and is thereby a fiduciary of the Plan.

9. Because of certain fiduciary acts and omissions of Time Warner Cable relating to beneficiary designations that are involved here, Time Warner Cable is a necessary party to this action in order that the Plaintiffs may be afforded complete relief.

10. Defendant Seabury & Smith, Inc. does business utilizing the trade name of Marsh Work Solutions aka Marsh Claims (collectively referred to as "Seabury" herein) has control of the administration and operation certain elements of the Plan and is thereby a fiduciary of the Plan.

11. Because of certain fiduciary acts and omissions of Seabury relating to beneficiary designations that are involved here, Seabury is a necessary party to this action in order that the Plaintiffs may be afforded complete relief.

12. It is believed that certain work related life insurance benefits were provided through the purchase of insurance from Prudential Insurance Company of America (hereinafter referred to as "Prudential") and Zurich American (hereinafter "Zurich.

13. Pursuant to ERISA § 502(a)(1)(B) and 29 U.S.C. § 1132(a)(1)(B), Theresa has a right to bring legal action to determine her rights and to enforce her rights under the Plan.

14. Pursuant to ERISA §§ 502 (a)(3)(B)(i) and (ii) and 29 U.S.C. §§ 1132(a)(3)(B)(i) and (ii), Theresa has a right to bring action in equity to seek other equitable relief due her as a result of Time Warner's and Seabury's liability for violation of ERISA § 409(a) and 29 U.S.C. § 1109(a) that occurred as a result of their breaches of their fiduciary duties to Mr. Crook, Theresa and the Plan.

15. Jurisdiction in Federal Court is appropriate pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 1132.

16. For several years prior to his death, Mr. Crook advised Theresa on multiple occasions that she was the primary beneficiary of all of his work related benefit plans and that he had designated her as such with filings made on line to which Plaintiffs do not have full access.

17. Defendant Time Warner is in the business of providing cable television, internet access, telephone and other related services to customers throughout Fairfield County, Ohio and also has a corporate office located in 1315 Granville Pike, Lancaster, Ohio 43130 and provided work related benefits to Mr. Crook.

18. At the time of Mr. Crook's death, Time Warner, through Prudential, provided at least two policies of life insurance to Mr. Crook (Nos. 07824 and 2778666), which policies provided that if no beneficiary designation was effectively made and in force at the time of the insured's death, the first default beneficiary was the insured's surviving spouse. Evidenced by representations made by Mr. Crook to Theresa, Mr.

Crook believed Theresa was effectively designated as the beneficiary of the Prudential policies, and that such designations were effectively made and would be in full force at the time of Mr. Crook's death. Alternatively, under the terms of the Prudential policies' default beneficiary provisions, Theresa is the rightful beneficiary of the benefits provided under such policies.

19. At the time of Mr. Crook' death, Time Warner, through Zurich, provided at least one policy of life insurance to Mr. Crook (GTU3586893), which policy provided that if no beneficiary designation was effectively made and in force at the time of the insured's death, the default beneficiary was the insured's estate. Evidenced by representations made by Mr. Crook to Theresa, Mr. Crook believed he effectively designated either his Estate or Theresa as the beneficiary of the Zurich policy, and that such designation was effectively made and in full force at the time of Mr. Crook's death. Alternatively, under the terms of the Zurich policy's default beneficiary provisions, Mr. Crook's Estate is the rightful beneficiary of the benefits provided under such policy.

20. Evidenced by representations made by Mr. Crook to Theresa, Mr. Crook believed he effectively designated Theresa as the beneficiary of all policies of life insurance provided by Time Warner to Mr. Crook, and that such designations were effectively made and in full force at the time of Mr. Crook's death.

21. Under the terms of the Plan and of each of the policies of life insurance issued by Prudential and Zurich and in effect at the time of Mr. Crook's death, either Theresa or Mr. Crook's Estate is the rightful default beneficiary.

22. Attached hereto as Appendix "B" is a beneficiary designation executed by Arthur A. Crook on October 26, 2001, which designation was delivered by Mr. Crook to

the Time Warner Cable Pension Service Center in Jacksonville, Florida evidencing that Theresa D. Parrish nka: Theresa D. Crook was designated as the primary death beneficiary for all benefits under the Time Warner pension plan and further revoking all previous designations under the pension plan. This is the most recent beneficiary designation of any kind available to Plaintiffs.

23. Attached hereto as Appendix "C" is a document published by Seabury and/ or Time Warner entitled Beneficiary Summary, which document (i) was provided to Arthur Crook by Time Warner and/or Seabury, and (ii) specified that the Zurich policy referenced in Paragraph 17 herein and the two Prudential policies referenced in Paragraph 16 herein did not have any designated, named beneficiaries.

24. Appendix "C" was issued to Crook by Seabury and/or Time Warner in their capacities as administrators and fiduciaries of the Time Warner Benefit Plans some time after January 1, 2000.

25. Arthur Crook relied on and had a right to rely on the accuracy of the information set forth in Appendix "C".

26. Time Warner and Seabury are equitably estopped from denying Plaintiffs the benefits required under the Time Warner Benefits Plan, such denial being contrary to the information provided in the Benefits Summary.

27. As fiduciaries of the Plan, Time Warner and Seabury had a duty to fully and accurately identify for Arthur Crook the death beneficiaries of all of the benefits provided in the Time Warner Benefits Plan.

28. Plaintiffs are entitled to monetary relief from Seabury, Time Warner and the Plan in the amount of the life insurance benefits owed to Plaintiffs.

29. It is believed that the total of these benefits exceed $556,000.00.

30. Theresa, as the surviving spouse and named beneficiary of Mr. Crook, is entitled to certain benefits as a result of Mr. Crook's untimely death which include, but are not limited to, receipt of some, if not all, of Mr. Crook's Welfare Benefit Plan benefits.

31. Mr. Crook's Estate is entitled to certain benefits as a result of Mr. Crook's untimely death, which include, but are not limited to, the receipt of some, if not all, of his Welfare Benefit Plan benefits.

32. Theresa and Mr. Crook's Estate have exhausted all required administrative remedies or are excepted from exhausting such remedies.

## ACTION FOR DECLARATORY JUDGMENT

33. Plaintiffs reallege paragraphs 1 through 32 as if fully rewritten herein.

34. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et esq. Plaintiffs bring this action to obtain declarations relative to the proper payment of the work related benefits at issue.

35. Plaintiffs pray for the issuance of Declarations determining the rights and responsibilities of all parties concerning the work related benefits at issue.

36. That Plaintiff Theresa Crook's rights as the surviving spouse, as afforded by the Plan and ERISA, be recognized and accorded their appropriate legal significance in the distribution of the work related benefits.

37. That the Estate of Arthur A. Crook's rights under the policies of insurance be afforded its appropriate legal significance in the distribution of work related benefits.

## ACTION FOR MONETARY RELIEF

38. Plaintiffs reallege paragraphs 1 through 37 as if fully rewritten herein.

39. Plaintiffs also bring this action pursuant to 29 U.S.C. § 1132(a)(1)(b) and seek judgment in favor of Plaintiffs against Time Warner and Seabury in the total amount of life insurance that covered Mr. Crook at the time of his death and are payable to Theresa as the rightful beneficiary of benefits payable as a result of Mr. Crook's death, and further pray that such judgment be found to be a joint and several liability of Time Warner and Seabury.

## ACTION FOR EQUITABLE RELIEF

40. Plaintiffs reallege paragraphs 1 through 39 as if fully rewritten herein.

41. Plaintiffs also bring this action pursuant to 29 U.S.C. § 1132(a)(3)(b)(ii) for damages as described in 29 U.S.C. § 1109(a) and seek judgment in favor of Plaintiffs in an amount equal to the life insurance that covered Mr. Crook at the time of his death, and further pray that such judgment be found to be a joint and several liability.

WHEREFORE, Plaintiff demands the following relief against all Defendants:

a. For declarations prayed for herein.

b. For monetary Judgments for Plaintiff, Theresa A. Crook, of not less than $177,448.82 and for the Estate of Arthur A. Crook of not less than $173,500.00 plus applicable prejudgment and post-judgment interest.

c. For an Order or Orders holding Time Warner Cable, LLC and/or Time Warner Cable Welfare Benefit Plan and/or Seabury financially accountable to Plaintiffs in the amount of survivor benefits payable to beneficiaries under the terms

Plan and for any breaches of duties owed to Arthur A. Crook and/or his estate and/or Theresa that deprived or may deprive Plaintiffs from the receipt of funds from the insurance policies that insured the life of Arthur A. Crook.

    e.    For the court costs of this action to be assessed against the Defendants.

    d.    For attorney's fees pursuant to 29 U.S.C. §1132(g).

    e.    For whatever other relief this Court deems as appropriate either in equity or at law.

Respectfully submitted,

STEBELTON, ARANDA & SNIDER
A Legal Professional Association

By: _____
John M. Snider (0024281)

_____
Daniel J. Fruth (0075309)
109 North Broad Street
P.O. Box 130
Lancaster, OH 43130
(740) 654-4141; Facsimile: (740) 654-2521
jms@sas-lawfirm.com
Attorney for Plaintiffs
SAS Client No.: 10898.6
(Complaint 06 15 09)